IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONOVAN A. REMEKIE,                          :
                                             :
                          Petitioner,        :       CIVIL ACTION NO. 22-79
                                             :
          v.                                 :
                                             :
MR. JAIME SORBER, THE DISTRICT               :
ATTORNEY OF THE COUNTY OF                    :
PHILADELPHIA, and THE ATTORNEY               :
GENERAL OF THE STATE OF                      :
PENNSYLVANIA,                                :
                                             :
                          Respondents.       :

## MEMORANDUM OPINION

Smith, J.                                                        January 28, 2022

The *pro se* petitioner has filed a habeas petition under 28 U.S.C. § 2254 in which he challenges his conviction and sentence. Prior to filing this petition, it was incumbent upon him to fully exhaust his claims in the state courts. He has not yet done so, as he is still challenging his conviction and sentence via post-conviction collateral proceedings in the state court.

The petitioner recognizes that he has not fully exhausted his claims because he has asked the court to stay this case while he pursues post-conviction collateral relief in state court. At this point, the court is disinclined to stay the case. Instead, it appears that this action should be dismissed without prejudice to the petitioner to refile it once he fully exhausts his claims. The court will nonetheless give the petitioner an opportunity to show cause why the court should stay the case instead of dismissing the habeas petition without prejudice to him to refile it once he fully exhausts his claims in the state courts.

## I.       PROCEDURAL HISTORY

On February 12, 2019, the *pro se* petitioner, Donovan A. Remekie ("Remekie"), was found guilty of, among other offenses, first-degree murder, after a bench trial in the Court of Common Pleas of Philadelphia County. *See* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Pet.") at ECF p. 3, Doc. No. 1; Docket, *Commonwealth v. Remekie*, No. CP-51-CR-10866-2017 (Philadelphia Cnty. Ct. Com. Pl.), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-51-CR-0010866-2017&dnh=Ltlnt5FW0IjqQ4z%2B5vdt%2BQ%3D%3D ("Com. Pl. Docket"); *Commonwealth v. Remekie*, No. 737 EDA 2019, 2020 WL 4192434, at *1 (Pa. Super. July 21, 2020). The trial court then sentenced Remekie to a mandatory sentence of life imprisonment without the possibility of parole on the first-degree murder conviction.[1] *See* Pet at ECF p. 3; Com. Pl. Docket.

Remekie timely filed a notice of appeal from his judgment of sentence to the Superior Court of Pennsylvania. *See Remekie*, 2020 WL 4192434, at *1 ("On March 8, 2019, [Appellant] filed a timely Notice of Appeal." (alteration in original)). The Superior Court affirmed Remekie's judgment of sentence in an unpublished memorandum opinion entered on July 21, 2020. *See id.*; Pet. at ECF p. 4. Remekie then timely filed a petition for allowance of appeal with the Supreme Court of Pennsylvania. *See* Com. Pl. Docket; Pet. at ECF p. 5. The Supreme Court of Pennsylvania denied the petition for allowance of appeal on January 6, 2021. *See* Pet. at ECF p. 5; *Commonwealth v. Remekie*, 244 A.3d 6 (Table) (Pa. Jan. 6, 2021). It does not appear that Remekie filed a petition for a writ of certiorari with the United States Supreme Court.[2]

---

[1] It appears that the court imposed no further sentence on Remekie's other conviction. *See* Pet. at ECF p. 3.
[2] The court searched for a petition for a writ of certiorari on the United States Supreme Court's docket and could not locate any petition. *See* https://www.supremecourt.gov/docket/docket.aspx. In addition, Remekie does not mention having filed such a petition in his habeas petition.

After exhausting his direct appellate challenges to his judgment of sentence, Remekie timely filed a petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. § 9541–9546, ("PCRA"), which was docketed in the Court of Common Pleas on December 29, 2021. *See* Com. Pl. Docket. The PCRA court recently appointed counsel to represent Remekie in that matter, and the PCRA petition is still pending in the Court of Common Pleas of Philadelphia County. *See id.*

Seemingly contemporaneously with seeking PCRA relief, Remekie filed the instant petition seeking habeas relief under 28 U.S.C. § 2254 on December 29, 2021.[3] *See* Doc. No. 1. In the petition, it appears that Remekie claims that (1) his constitutional rights pursuant to "the Vienna Convention on Consular Relations" were violated, (2) his counsel was ineffective, and (3) there was insufficient evidence to support his convictions. *See* Pet at ECF pp. 7, 9, 11.   Remekie has also filed a motion asking the court to stay this case while he pursues PCRA relief. *See* Doc. No. 3.

## II.   DISCUSSION

This court has screened this matter pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that there is an exhaustion issue.[4] With regard to a habeas petitioner's requirement to first exhaust any state court remedies, "[i]t is axiomatic that a federal court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts." *Lambert v. Blackwell*, 134 F. 3d 506, 513 (3d Cir. 1997) (citation omitted); *see also* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State

---

[3] The federal "prisoner mailbox rule" provides that a pro se prisoner's petition is deemed filed "at the time petitioner delivered it to prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275–76 (1988). Here, Remekie included a declaration that he submitted his section 2254 petition to the prison for mailing on December 29, 2021. See Doc. No. 1 at ECF p. 19. The court therefore uses December 29, 2021 as the filing date.

[4] Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."). To exhaust state remedies, a petitioner must invoke "one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). The petitioner generally bears the burden to prove all facts establishing exhaustion. *See Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993) ("The habeas petitioner bears the burden of proving that he has exhausted available state remedies." (citations omitted)).

Courts require habeas petitioners to exhaust state remedies because it "addresses federalism and comity concerns by afford[ing] the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Lambert*, 134 F.3d at 513 n.18 (citation and internal quotation marks omitted). Thus, even though the exhaustion requirement is a comity concern and not a jurisdictional concern, it "should be strictly adhered to because it expresses respect for our dual judicial system." *Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir. 1992) (citation omitted). In addition, "[e]qually as important, federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

Here, Remekie acknowledges that he is still currently challenging his conviction and judgment of sentence on collateral review, and the publicly available records show that his PCRA petition is just starting to proceed through the Court of Common Pleas. *See* Pet. at ECF p. 3 (stating

that "POST CONVICTION RELIEF [IS] PENDING"); Com. Pl. Docket (showing PCRA petition is still pending in Court of Common Pleas). In addition, it appears that Remekie is attempting to litigate some, if not all, of the claims raised in the instant habeas petition in those PCRA proceedings. *See* Pet. at ECF pp. 8, 10, 12 (indicating that claims are pending as part of PCRA proceedings). Although Remekie purports to be litigating the claims asserted here in his PCRA proceedings, it appears that only one or possibly two of his claims are unexhausted.[5]

If a habeas petition contains unexhausted claims, the court may dismiss it without prejudice to the petitioner to refile the petition after the petitioner exhausts the claims in state court.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) ("[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."). If the petitioner files a mixed petition, meaning a petition containing exhausted and unexhausted claims, a district court may stay the petition "rather than dismiss, holding the petition in abeyance while the petitioner seeks exhaustion of any unexhausted claims in state court." *Heleva v. Brooks*, 581 F.3d 187, 190 (3d Cir. 2009) (citing *Rhines v. Weber*, 544 U.S. 269, 275 (2005)). In addition, "[s]tay and abey is available even when a petitioner has exhausted none of the claims in his petition." *Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013) (per curiam) (citation omitted).

---

[5] Remekie's insufficiency of the evidence claim seems to have been exhausted as he raised it on direct appeal. *See Remekie*, 2020 WL 4192434, at *1 (indicating that Remekie presented one issue for review: "Was not the evidence insufficient to convict [Appellant] of Murder in the First Degree where the evidence at trial failed to prove that he acted with premeditation and malice aforethought and his unrebutted testimony demonstrated that he was acting under a sudden and intense passion resulting from serious provocation by the decedent and hence was guilty of voluntary manslaughter only?"). In addition, because Remekie presented the claim on direct appeal, it does not appear that he can seek PCRA relief for this claim. *See* 42 Pa. C.S. § 9543(a)(3) (providing that to be eligible for PCRA relief, PCRA petitioner must show "[t]hat the allegation of error has not been previously litigated or waived"); *see also Commonwealth v. Donaldson*, No. 723 WDA 2014, 2015 WL 7721479, at *2 n.2 (Pa. Super. Jan. 12, 2015) ("This Court has held that sufficiency-of-the-evidence claims are not cognizable under the PCRA." (citations omitted)).

Even though district courts have the ability to stay and abey a habeas petition, the Supreme Court has cautioned against liberal use of the stay and abey procedure because:

> [s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Rhines*, 544 U.S. at 277. Thus, to justify a stay, a petitioner must satisfy three requirements:  (1) good cause for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner must not have engaged in intentionally dilatory litigation tactics. *Heleva*, 581 F.3d at 190, 192 (citing *Rhines*, 544 U.S. at 278).

In addition, "while it usually is within a district court's discretion to determine whether to stay or dismiss a mixed petition, staying the petition is the only appropriate course of action where an outright dismissal could jeopardize the timeliness of a collateral attack." *Crews v. Horn*, 360 F.3d 146, 152 (3d Cir. 2004) (citations and internal quotation marks omitted). As such, "[a] key pre-requisite to the granting of a stay under the standard of *Rhines* is that there be a real danger the petitioner would, after dismissal without prejudice of the federal habeas action, be time-barred upon his return to federal court after the state proceedings are no longer pending." *Osburne v. Kerestes*, No. 15-cv-6493, 2016 WL 2954162, at *4 (E.D. Pa. Mar. 31, 2016), *report and recommendation adopted*, 2016 WL 2939520 (E.D. Pa. May 19, 2016).

Here, Remekie has not yet provided the court with any reason why the court should stay this action while he exhausts his PCRA claims in the state court. His "motion" consists of only one substantive sentence, which states: "I hereby request that this writ of habeas corpus be stayed until petition for post conviction collateral relief is determined." *See* Doc. No. 3. As such, he has

not provided the court with, *inter alia*, good cause for his failure to exhaust his claims in the state court.

In addition, there appears to be no threat that Remekie will be time barred upon his return to federal court after the state proceedings are no longer pending. In this regard, the AEDPA provides for a one-year statute of limitations, which, as pertinent here, runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When calculating the commencement of the statute of limitations for purposes of subsection (A), the court must determine when Remekie's judgment of sentence became final. "Under § 2244(d)(1)(A), a state court criminal judgment becomes 'final' and the statute of limitations begins to run, 'at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires.'" *Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999) (quoting *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999) and citing *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999)). Here, Remekie's judgment of sentence appears to have become final on April 6, 2021, which was 90 days after the Supreme Court of Pennsylvania denied the petition for allowance of appeal. Thus, AEDPA's one-year statute of limitations began to run on April 6, 2021, and Remekie had until April 6, 2022, to file his section 2254 petition unless any statutory or equitable tolling period applies.

Concerning statutory tolling, the AEDPA contains a tolling provision, which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A "properly filed application" for state post-conviction collateral review is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134

F.3d 146, 148 (3d Cir. 1998). "State prisoners therefore must file their state claims promptly and properly under state law in order to preserve their right to litigate constitutional claims that are more than one year old in federal court." *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001). If the state court dismisses a late-filed application for post-conviction collateral review because it is time-barred, the application does not constitute a "properly filed application" for AEDPA tolling purposes. *See Merrit v. Blaine*, 326 F.3d 157, 165–66 (3d Cir. 2003).

As indicated above, Remekie appears to have timely filed a PCRA petition in the Court of Common Pleas.[6] As such, he would be entitled to statutory tolling while he pursues that PCRA petition through the state courts. Prior to the beginning of this statutory tolling period, 267 days of the one-year habeas limitations period passed. Upon completing the state court proceedings relating to Remekie's PCRA petition, he would still have 98 days to timely file a habeas petition. Therefore, it does not appear that dismissing without prejudice, rather than staying this action, would affect Remekie's rights to refile a habeas petition asserting any claim included in the instant petition. Nonetheless, as Remekie is proceeding *pro se*, the court will provide him with the opportunity to demonstrate how this case satisfies the three requirements for a stay set forth in *Rhines*.

## III.    CONCLUSION

Remekie filed the instant habeas petition despite contemporaneously filing a timely PCRA petition. Although he has asked this court to stay the matter while he exhausts his PCRA claims, he has failed to show why staying this action, rather than dismissing it without prejudice, is proper. The court will give him an opportunity to support his request for a stay. If he cannot do so, the

---

[6] *See* 42 Pa. C.S. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final . . . .").

court will dismiss this habeas petition without prejudice to Remekie to refile it once he fully exhausts his state remedies.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.