IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONOVAN A. REMEKIE, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 22-79 |
| | : | |
| v. | : | |
| | : | |
| MR. JAIME SORBER, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : : : : : | |
| | : | |
| Respondents. | : | |

**<u>MEMORANDUM OPINION</u>**

Smith, J.                                                                                                                                March 7, 2022

The *pro se* petitioner, who is currently serving a life sentence for committing first-degree murder and other offenses, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. This habeas petition appears to be a "mixed petition" insofar as it contains exhausted and unexhausted claims. Seemingly recognizing the mixed nature of this petition, the petitioner has also filed a motion to stay these habeas proceedings while he exhausts his unexhausted claims in a petition for post-conviction collateral relief filed in a Pennsylvania state court.

Unfortunately, the motion to stay merely requested a stay without providing reasons for the court to stay the case. As such, the court provided the petitioner with the opportunity to justify his request for a stay. He has attempted to justify the request for a stay by essentially arguing that he wanted to ensure that the habeas petition was docketed due to the circumstances caused by the COVID-19 pandemic, and the uncertainty as to how COVID-19 will affect his ability to file a future habeas petition. He also states that his claims are potentially meritorious and that he has not engaged in any dilatory litigation tactics.

As discussed below, a stay is not warranted in this case. The petitioner has not established good cause for this court to stay the case because he has not explained how COVID-19 and its impact on his place of incarceration affected his ability to exhaust any unexhausted claims. Instead, he is currently attempting to exhaust those unexhausted claims through a timely filed post-conviction collateral relief petition, which is still pending in the state courts. In addition, the petitioner has more than three months after the conclusion of his post-conviction collateral relief petition in the state courts to file a timely habeas petition in this court. Thus, there is no real danger that the petitioner would be time-barred upon his return to federal court after the conclusion of the state court proceedings. Accordingly, the court will deny the motion to stay and dismiss the instant habeas petition without prejudice to the petitioner filing a new petition once he fully exhausts all his claims in the Pennsylvania state courts.

## I.     PROCEDURAL HISTORY

On February 12, 2019, the *pro se* petitioner, Donovan A. Remekie ("Remekie"), was found guilty of, among other offenses, first-degree murder, after a bench trial in the Court of Common Pleas of Philadelphia County. *See* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Pet.") at ECF p. 3, Doc. No. 1; Docket, *Commonwealth v. Remekie*, No. CP-51-CR-10866-2017 (Philadelphia Cty. Ct. Com. Pl.), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-51-CR-0010866-2017&dnh=Ltlnt5FW0IjqQ4z%2B5vdt%2BQ%3D%3D ("Com. Pl. Docket"); *Commonwealth v. Remekie*, No. 737 EDA 2019, 2020 WL 4192434, at *1 (Pa. Super. July 21, 2020). The trial court then sentenced Remekie to a mandatory sentence of life imprisonment without the possibility of parole on the first-degree murder conviction.[1] *See* Pet at ECF p. 3; Com. Pl. Docket.

---

[1] It appears that the court imposed no further sentence on Remekie's other conviction. *See* Pet. at ECF p. 3.

Remekie timely filed a notice of appeal from his judgment of sentence to the Superior Court of Pennsylvania. *See Remekie*, 2020 WL 4192434, at *1 ("On March 8, 2019, [Appellant] filed a timely Notice of Appeal." (alteration in original)). The Superior Court affirmed Remekie's judgment of sentence in an unpublished memorandum opinion entered on July 21, 2020. *See id.*; Pet. at ECF p. 4. Remekie then timely filed a petition for allowance of appeal with the Supreme Court of Pennsylvania. *See* Com. Pl. Docket; Pet. at ECF p. 5. The Supreme Court of Pennsylvania denied the petition for allowance of appeal on January 6, 2021. *See* Pet. at ECF p. 5; *Commonwealth v. Remekie*, 244 A.3d 6 (Table) (Pa. Jan. 6, 2021). It does not appear that Remekie filed a petition for a writ of certiorari with the United States Supreme Court.[2]

After exhausting his direct appellate challenges to his judgment of sentence, Remekie timely filed a petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. § 9541–9546, ("PCRA"), which was docketed in the Court of Common Pleas on December 29, 2021. *See* Com. Pl. Docket. The PCRA court recently appointed counsel to represent Remekie in that matter, and the PCRA petition is still pending in the Court of Common Pleas of Philadelphia County, with newly appointed counsel having recently filed a motion for a continuance. *See id.*

Seemingly contemporaneously with seeking PCRA relief, Remekie filed the instant petition seeking habeas relief under 28 U.S.C. § 2254 on December 29, 2021.[3] *See* Doc. No. 1. In the petition, it appears that Remekie claims that (1) his constitutional rights pursuant to "the Vienna Convention on Consular Relations" were violated, (2) his counsel was ineffective, and (3) there

---

[2] The court searched for a petition for a writ of certiorari on the United States Supreme Court's docket and could not locate any petition. *See* https://www.supremecourt.gov/docket/docket.aspx. In addition, Remekie does not mention having filed such a petition in his habeas petition.

[3] The federal "prisoner mailbox rule" provides that a pro se prisoner's petition is deemed filed "at the time petitioner delivered it to prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275–76 (1988). Here, Remekie included a declaration that he submitted his section 2254 petition to the prison for mailing on December 29, 2021. See Doc. No. 1 at ECF p. 19. The court therefore uses December 29, 2021 as the filing date.

3

was insufficient evidence to support his convictions. *See* Pet at ECF pp. 7, 9, 11. Remekie has also filed a motion asking the court to stay this case while he pursues PCRA relief. *See* Doc. No. 3.

After reviewing Remekie's habeas petition and motion to stay pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this court entered a memorandum opinion and order on January 28, 2022, which directed Remekie to provide support for his request for a stay because he had not done so in his motion. *See* Doc. Nos. 4, 5. Remekie timely responded to the court's directive via a "Rule to Show Cause" docketed with the clerk of court on February 25, 2022. *See* Doc. No. 6. With this response, the motion to stay is ripe for disposition.

## II. DISCUSSION

As the court explained in the prior memorandum opinion, Remekie appears to have filed a habeas petition containing a mix of exhausted and unexhausted claims. *See* Jan. 28, 2022 Mem. Op. at 4–5 and n.5. Because Remekie has seemingly filed a mixed habeas petition, meaning a petition containing exhausted and unexhausted claims, a district court should ordinarily dismiss the petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) ("A district court must dismiss habeas petitions containing both unexhausted and exhausted claims."). Nonetheless, a district court may stay the petition "rather than dismiss, holding the petition in abeyance while the petitioner seeks exhaustion of any unexhausted claims in state court." *Heleva v. Brooks*, 581 F.3d 187, 190 (3d Cir. 2009) (citing *Rhines v. Weber*, 544 U.S. 269, 275 (2005)). In addition, "[s]tay and abey is available even when a petitioner has exhausted none of the claims in his petition." *Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013) (per curiam) (citation omitted).

Even though district courts have the ability to stay and abey a habeas petition, the Supreme Court has cautioned against liberal use of the stay and abey procedure because:

> [s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Rhines*, 544 U.S. at 277. Thus, to justify a stay, a habeas petitioner must satisfy three requirements: (1) good cause for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner must not have engaged in intentionally dilatory litigation tactics. *Heleva*, 581 F.3d at 190, 192 (citing *Rhines*, 544 U.S. at 278).

In addition, "while it usually is within a district court's discretion to determine whether to stay or dismiss a mixed petition, staying the petition is the only appropriate course of action where an outright dismissal could jeopardize the timeliness of a collateral attack." *Crews v. Horn*, 360 F.3d 146, 152 (3d Cir. 2004) (citations and internal quotation marks omitted). As such, "[a] key pre-requisite to the granting of a stay under the standard of *Rhines* is that there be a real danger the petitioner would, after dismissal without prejudice of the federal habeas action, be time-barred upon his return to federal court after the state proceedings are no longer pending." *Osburne v. Kerestes*, No. 15-cv-6493, 2016 WL 2954162, at *4 (E.D. Pa. Mar. 31, 2016), *report and recommendation adopted*, 2016 WL 2939520 (E.D. Pa. May 19, 2016).

Here, Remekie's "Rule to Show Cause" appears to have addressed each of the *Rhines* requirements for this court to grant a stay. Regarding the first requirement, good cause for the failure to exhaust, Remekie asserts that he filed the instant habeas petition

> in an effort to secure said petition not knowing what lies ahead with the nuisance and havoc that the [COVID-19] pandemic caused, that it may in some way have an adverse effect on petitioner filing [a] petition on a timely basis, taking into

> consideration that from time to time the Law Library would be restricted/Off Limits.
>
> These are unprecedented times, and while petitioner cannot predict what the future holds, it is in petitioner's best interest to act accordingly due to the fact that the petitioner is acting Pro Se, and noting also the flexibility of [the] Court to stay and abey.

Rule to Show Cause at ECF p. 1, Doc. No. 6. Remekie also points out that due to COVID-19 and the "uncertainties that lie[] ahead[,]" he is "in a precarious position which could result in [him] not making timely filing and in doing so run afoul of the statue of limitation[s]." *Id.* at ECF p. 2.

As for the second requirement, the merits of his claims, Remekie contends that "all claims made are potentially meritorious as a matter of fact that they are true, making them eligible for review in the interest of justice." *Id.* at ECF p. 1. Concerning the final requirement, whether Remekie engaged in dilatory litigation tactics, he asserts that he filed the instant petition in good faith, and he has "no intention[] to engage in[] dilatory litigation tactics." *Id.* at ECF p. 2.

After considering Remekie's arguments, the court does not find that a stay is appropriate here because he has not set forth good cause for the failure to exhaust. Although Remekie mentions having a lack of access to the prison law library, he does not explain how that lack of access relates to his failure to exhaust all of his habeas claims. *See, e.g.*, *Thompson v. Spearman*, No. 2:19-cv-2328 KJM DB P, 2022 WL 500923, at *2 (E.D. Cal. Feb. 18, 2022) (explaining that while "petitioner having limited access to the law library due to the COVID-19 pandemic . . . might explain that [he] was unaware that [exhaustion] was a requirement prior to filing his petition, [his] present difficulty accessing the law library does not appear to have any connection to [his] failure to exhaust his claims"). Thus, Remekie's "current lack of [consistent] access to the law library is . . . [ir]relevant to whether good cause exists to his failure to exhaust his claims." *Id.* (footnote omitted).

Remekie's COVID-19 concerns also do not establish good cause. While the COVID-19 pandemic has undeniably had a significant impact on the judicial system and the prison system, with the prison system generally being subject to various restrictions such as lockdowns, Remekie does not explain how COVID-19 affected his ability to exhaust his unexhausted claims. In addition, the record shows that COVID-19 has not affected his ability to exhaust his claims because he is in the process of exhausting any unexhausted claims through his pending PCRA petition. Remekie timely filed that PCRA petition, which tolls the statute of limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). Remekie also has 98 days left before the statute of limitations would expire (after statutory tolling concludes), *see* Jan. 28, 2022 Mem. Op. at 8, which provides him with more than ample time to timely file a habeas petition after his PCRA proceedings (including any appeals) have concluded. Thus, there does not appear to be a real danger that Remekie would be time-barred upon his return to federal court after the state proceedings are no longer pending.

### III.     CONCLUSION

This court cannot consider any unexhausted claims until those claims are resolved by the Pennsylvania state courts. Remekie has not demonstrated that he is entitled to a stay or that somehow the state courts would determine that his current PCRA petition is untimely. Therefore, the court will deny the motion to stay and abey and dismiss the instant habeas petition without

prejudice to Remekie to refile it once he has fully exhausted his claims in the Pennsylvania state courts.[4] The court will also decline to issue a certificate of appealability.[5]

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[4] If Remekie were to attempt to assert additional claims not raised and adjudicated by the Pennsylvania state courts, he would have show why such unexhausted claims are not subject to dismissal for being procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").

[5] A court should only issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Remekie has not made a substantial showing of the denial of a constitutional right. In addition, reasonable jurists would not find this court's assessment of the constitutional claims debatable or wrong.